IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN L. KROLL, #45926 | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO. AW-06-1832 |
| MAXIMILLION ESZTO, | * | |
| Defendants. | * | |

******

**<u>MEMORANDUM</u>**

On July 19, 2006, Plaintiff, an inmate currently confined at the Allegany County Detention Center in Cresaptown, Maryland, filed the instant Complaint seeking injunctive relief and monetary damages. He alleges that Defendants, inmates and employees of the State of Maryland Division of Corrections employed and housed at various institutions, have conspired to murder him. Specifically, he alleges that Defendant Maximillion Eszto, an DOC inmate, "has electrical equipment, that he is using, that he can see and hear me, and everything that I do any say, and has electrical equipment that he is using to inflict pain and has made the statement that he has this laser type equipment that he is using to inflict pain on different parts of my body, and is threatening to kill me with this stuff. He focuses in on me causing a burning sensation. He is locked =\up at the Super Max in Baltimore." Paper No. 1. He further alleges that DOC employees have "cameras and microphones placed around where they can see and hear everything that I do, where they be watching me 24/7. I don't have a minutes peace and no privacy." *Id.* Because he appears indigent, Plaintiff's Motion for Leave to Proceed In Forma Pauperis shall be granted pursuant to 28 U.S.C. § 1915(a). His Complaint, however, shall be summarily dismissed.

This Court may preliminarily review the claims in Plaintiff's Complaint and dismiss the action prior to service if satisfied that it has no factual or legal basis and it is frivolous on its face. *See* 28 U.S.C. § 1915(e), *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Cochran v. Morris*, 73 F.3d 1310, 1314 (4th Cir. 1996).  As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke,* 490 U.S. at 328.   The Complaint, detailing a conspiracy to spy on Plaintiff and harm him through electrical surveillance equipment, clearly has no basis in fact and shall be dismissed as frivolous without requiring service of process upon Defendants.

A separate Order follows.

Date: <u>July 25, 2006</u>                                    /s/
Alexander Williams, Jr.
United States District Judge